## THE JOHANNE.[1]

### LORENTZEN v. THE JOHANNE.

#### (*District Court, S. D. New York.* November 30, 1891.)

CARRIERS—NEGLIGENT STOWAGE—CASES OF HOUSEHOLD GOODS.

 Cases of household goods, shipped under a bill of lading which contained the exception, "not accountable for damage and breakage," were stowed in the lower hold of the brig J., and were delivered damaged by water taken on by the ship in heavy weather. The brig was old, and her construction was such as to necessitate more than usual care in the stowage of merchandise liable to be damaged by water. The master had notice that the cases contained household goods. *Held,* that it was negligence to stow such goods near the bilge in the hold of a vessel of such construction and age, and the ship was liable for the damage.

In Admiralty. Suit to recover for damage to cargo.
*J. P. Kirlin,* for libelant.
*Wing, Shoudy & Putnam,* for claimants.

BROWN, J. Sixteen cases of household goods, shipped at Bremen on the brig Johanne, were found, on discharge at New York, to have been damaged by water. The bill of lading recited that the cases were received in good order and condition, and, besides peril of the seas, contained the exception, "not accountable for damage or breakage." They were not broken, but had been in water so much that permanent watermarks were left upon the sides of some of the cases, and the contents, consisting of furniture and books, were water-stained. The vessel was old, and her bottom had not been generally overhauled for four years. She encountered two severe storms on the passage. In the face of the evidence submitted, I cannot find that she was generally unseaworthy; but she was certainly liable to incur more than usual leakage, and her great breadth, of 35 feet, for her size, also required more than usual care in the stowage of any merchandise liable to be damaged by water. The cases of furniture were not stowed between-decks, but in the lower hold, on the starboard side of the ship, on top of about five feet of ore. Upon the testimony of the officers, I must assume that the damage to the cases arose from accumulations of water in the hold during the heavy leakage of the ship in the storms which she encountered, and in the list which she had while sailing for long periods on the port tack, during which the cases were more or less in water. The bill of lading shows that the master had notice that the contents of the cases were household goods. In my judgment, he was not justified in stowing such cases in the lower

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

hold and on the side of a brig of such construction and age as this brig; reasonable caution required that he should stow it either between-decks, or, if in the hold, in the center of the ship, where it would not be subjected to water damage, through leaks which such a ship was specially liable to incur. The ship is therefore liable. *The Hadji*, 20 Fed. Rep. 875, 18 Fed. Rep. 459. Decree for libelant, with costs, and an order of reference to compute the amount, if the same be not agreed upon.